**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:02CR156** |
| **vs.** | |
| **DAVID ALAN JONES,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account, ECF No. 49, filed on August 12, 2019. The Government certified that a copy of the Motion was served on Defendant by regular mail at David Alan Jones, #30987-013, Florence, CO 81226. The Motion will be granted.

## I.    BACKGROUND

On April 24, 2003, the Court entered judgment against Jones for two counts of Bank Robbery under 18 U.S.C. § 2113(a) and one count of Use of a Firearm under 18 U.S.C. § 924(c)(1)(A)(ii). J. at 1–2, ECF No. 46. Jones was sentenced to 240 months incarceration to be followed by five years of supervised release. *Id.* at 3–4. Jones was also ordered to pay restitution in the amount of $194,198.91 and a special assessment of $300. *Id.* at 5–8. The restitution and special assessment were "due and payable immediately." *Id.* at 8. Jones was ordered to make payments of $100.00 per month following his discharge from custody. *Id.* at 5. Jones has been paying $25 per quarter towards restitution and has an outstanding balance of $192,367.28. Gov't Mot. at ¶ 2, ECF No. 49.

The Bureau of Prisons (BOP) has established inmate trust accounts in order to "allow the Bureau to maintain inmates' monies while they are incarcerated." 28 C.F.R. § 506.1. "Family, friends, or other sources may deposit funds into these accounts." *Id.* The balance of Jones's trust account is currently $41,546.07. Gov't Mot. at ¶ 4. The Government now moves for an Order authorizing the BOP to turn over to the Clerk of Court funds held in Jones's trust account as payment for the criminal monetary penalties imposed in this case. *Id.* at 1.

## II. DISCUSSION

The Government seeks an Order authorizing the BOP to turn over funds in Jones's trust account to be applied to the $192,367.28 outstanding restitution balance. The procedure by which the Government may enforce criminal monetary penalties is set forth by 18 U.S.C. § 3613. An order of restitution is "a lien in favor of the United States on all property and rights to property . . . ." 18 U.S.C. § 3613(c). Additionally, the Mandatory Victims Restitution Act states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Courts have found these statutes create a mechanism by which the Government may request the turnover of funds from an inmate trust account to be applied to restitution. *United States v. Poff*, No. 16-30141, 2019 WL 3064444 (9th Cir. July 12, 2019) (holding that the mechanism was proper, but the district court erred to the extent it disregarded the defendant's argument that prison wages were exempted from the turnover mechanism); *United States v. Rand*, 924 F.3d 140 (5th Cir. 2019) (holding that the district

court did not abuse its discretion by turning over an inmate trust account to the Government to be applied to restitution without giving the inmate an opportunity to respond).

Jones has not responded to this motion. The Government served notice to Jones on August 12, 2019. The Eighth Circuit has not addressed the due process owed to an inmate regarding a turnover proceeding. However, the Fifth Circuit addressed the issue in *Rand*. 924 F.3d at 144–45. The *Rand* court determined that the "central question [was] whether the response would have affected the outcome of the district court's decision." *Id.* at 145. The Fifth Circuit held that the district court did not abuse its discretion by granting the Government's motion three days after it was made and before the defendant had a chance to respond. *Id.* Here, like in *Rand*, Jones is subject to an ongoing lien due to his outstanding restitution. Jones's inmate trust account does not qualify as an exemption under 18 U.S.C. § 3613(a)(1). And the Government has the authority to claim the funds and apply them to Jones's restitution account.

Accordingly,

IT IS ORDERED:

1.  The Bureau of Prisons shall turn over $41,546.07, or such lesser sum as may now be on deposit, from David Alan Jones's inmate trust account to the Clerk of this Court via check payable to "United States District Court, District of Nebraska," referencing Case No. 8:02-cr-156-LSC and delivered either personally or by First Class Mail to:

    Clerk of the U.S. District Court

    111 S. 18th Plaza, Suite 1152

Omaha, Nebraska 68102-1322

Alternatively, the Bureau of Prisons may make the required payment to the Clerk of Court within 30 days from the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program.

Dated this 29th day of August 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge